## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **WILLIE J. MUKES on behalf of himself individually, AND ALL OTHERS SIMILARLY SITUATED,** Plaintiffs, | § § § § § § § § § § § § | **CIVIL ACTION FILE NO:** **JURY DEMANDED** |
| **v.** | | |
| **TENAT CONCEPTS, LLC,** Defendant. | | |

## COMPLAINT – COLLECTIVE ACTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, Plaintiff, WILLIE J. MUKES, on behalf of himself individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiff") and complains of Defendant, TENET CONCEPTS, LLC ("Tenet" or "Defendant") and for cause of action would show the Court as follows:

### I. INTRODUCTION

1. This is a collective action to recover (1) minimum wage, (2) unpaid overtime wages and compensation, (3) compensation, including overtime wages, for hours worked, but not recorded or paid ("off-the-clock work") as permitted Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2. This action seeks equitable relief, compensatory and liquidated damages, attorneys' fees, taxable costs of court, and post-judgment interest for Defendant's willful failure to pay

overtime wages off-the-clock work, pursuant to 29 U.S.C. § 216(b) and for failure to pay minimum wage to Plaintiff in the course of their employment with the Defendant.

3. Plaintiff demands a jury trial on all issues that may be tried to a jury.

4. This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

## II. JURISDICTION AND VENUE

5. Pursuant to 28 U.S.C. § 1331, this Court has original subject matter jurisdiction to hear this Complaint and to adjudicate these claims because this action involves a federal question under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

6. Pursuant to 28 U.S.C. § 1391, venue is proper in the Southern District of Texas because a substantial part of the events or omissions giving rise to this claim occurred in the Southern District of Texas.

## III. PARTIES

**Plaintiffs**

7. Plaintiff, Willie J. Mukes is a citizen of Texas and a resident of Harris County, Texas.

8. The unnamed members of the "Plaintiff Class" are current and former employees of Defendant who work, or have worked, for Defendant in Texas, California, Illinois, Indiana, Kansas, Kentucky, Michigan and Missouri, and possibly additional states, as drivers of Tenet delivery trucks.

**Defendant**

9. Defendant, Tenet Concepts, LLC is a limited liability company organized under the law of the State of Texas and may be served with summons by serving its registered agent, Russell Davenport, McDonald Sanders PC, 777 Main Street, Suite 1300, Fort Worth, Texas

76102, or at any location where he may be found.

10. Whenever in this Complaint it is alleged that the named Defendant committed any act or omission, it is meant that Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants or employees.

11. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA, 29 U.S.C. § 203(r).

12. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all material times, Defendant has had employees engage in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

14. At all material times, the members of the Plaintiff Class were individual employees who engaged in commerce as required by 29 U.S.C. §§ 206-207.

15. Defendant is the "employer" of the members of the Plaintiff Class within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## IV. COVERAGE

16. At all material times, Defendant has acted directly or indirectly in the interest of an employer with respect to Plaintiff and the Plaintiff Class.

17. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. At all times hereinafter mentioned, Defendant has been an enterprise engaged in

commerce within the meaning of Section 3(s)(1) of the FLSA 29 U.S.C. § 203(s)(3), in that said enterprise and its employees have engaged in commerce, and in that said enterprise Defendant has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated). Defendant is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20. At all times hereinafter mentioned, Plaintiff and Plaintiff Class were individual employees who were engaged in commerce as required by 29 U.S.C. §§ 206-207.

## V. CLASS ALLEGATIONS

21. Plaintiff files this case as an "opt in" collective action, as specifically allowed by 29 U.S.C. § 216(b).

22. The class that the named Plaintiff seeks to represent may be described as follows:

> **All current and former employees of Defendant who 1) were and/or are employed as delivery truck drivers during the class period, and 2) claims that he or she either (a) failed to receive minimum wage, in violation of the Fair Labor Standards Act, 29 U.S.C 201** *et seq.* **(b) failed to receive all of his or her overtime pay, in violation of the Fair Labor Standards Act, or (c) failed to receive all of his or her compensation for work performed, but not recorded or paid ("off-the-clock work"), in violation of the Fair Labor Standards Act and 3) seeks payment for such lawfully earned pay and/or compensation.**

23. Plaintiff seeks to represent only those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by counsel for the Plaintiff, as required by 29 U.S.C. § 216(b).

24. Those persons who choose to opt in will be listed on subsequent pleadings and copies of their written consents to sue will be filed with the Court.

25. Plaintiff contends that this action is appropriate for collective action status because Defendant has acted in the same manner with regard to all members of the Plaintiff Class.

## VI.    FACTUAL ALLEGATIONS

26. Defendant Tenet is a Texas limited liability company engaging in commerce in Texas and several other states as a delivery service for companies.

27. At the present, upon information and belief, Tenet provides its services in Texas, California, Illinois, Indiana, Kansas, Kentucky, Michigan and Missouri, with plans to expand to other states.

28. Upon information and belief, Tenet's annual gross volume of sales or business exceeds $500,000.

29. At all times relevant to this action, Tenet has been subject to the requirements of the Fair Labor Standards Act 29 U.S.C. 201 *et. seq*.

30. For purposes of this action, the "relevant period" is defined as the period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

31. Plaintiff began working for the Defendant in June 2016. Plaintiff is currently employed by the Defendant and reports to and works out of a warehouse located in Harris County, Texas.

32. Plaintiff and members of the Plaintiff Class are employed as "Delivery Service Providers," driving a Tenet delivery truck.

33. As Delivery Service Providers, the Plaintiff and all members of the Plaintiff Class are required—as conditions of continued employment and in the routine performance of their day-to-day jobs—to perform non-exempt work (as defined by the Fair Labor Standards Act) for a significant period of most days.

34. Defendant violated the minimum wage provisions of the Fair Labor Standards Act by paying the Plaintiff and all other members of the Plaintiff Class, an amount that when divided

by the total numbers of hours worked resulted in an hourly pay rate below the statutorily required minimum.

35. Defendant required the Plaintiff and members of the Plaintiff Class to work in excess of 40 hours per week during many workweeks ("overtime hours").

36. The Plaintiff and members of the Plaintiff Class are required to work overtime hours because the job requires it, the Defendant's management requires it, and it is a condition of continued employment. During the overtime hours, Plaintiff and members of the Plaintiff Class are required to perform duties typically performed by "hourly" paid non-exempt employees.

37. The Defendant frequently requires the Plaintiff and members of the Plaintiff Class to work overtime hours. On information and belief, to avoid paying the Plaintiff and members of the Plaintiff Class their legally earned overtime pay, Defendant manipulated (and continues to manipulate) the hours and dates recorded by the Plaintiff and members of the Plaintiff Class to reduce the overtime amounts due. This manipulation appears to involve the lowering of the drivers' hourly pay rate.

38. The Plaintiff and members of the Plaintiff Class have complained to Defendant's management about the manipulation of pay.

39. The Plaintiff and members of the Plaintiff Class are required to arrive at the warehouse ten (10) to fifteen (15) minutes before their schedule clock-in time. Plaintiff and members of the Plaintiff Class are not compensated for this time.

40. Defendant failed to pay statutory overtime as required by 29 U.S.C. § 201 *et seq.*

### VII.  FIRST CLAIM FOR RELIEF
**(Unpaid overtime compensation under the FLSA)**

41. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully written herein.

42. Plaintiff and all members of the Plaintiff Class are considered non-exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S.C. 201 *et. seq.,* as well as by the administrative regulations used to interpret the Act.

43. Plaintiff and all members of the Plaintiff Class are entitled to receive overtime pay for all hours they has worked in excess of 40 during each seven-day workweek.

44. Defendant failed to compensate Plaintiff and all members of the Plaintiff Class their entitled pay (including overtime pay) for those hours they worked in excess of 40 per week.

45. Defendant has violated 29 U.S.C. § 201 *et seq.* by failing to compensate Plaintiff, and all other similarly situated, "overtime" pay for all hours worked in excess of 40 hours per week.

46. Defendant has failed to make good faith efforts to comply with the FLSA, and has willfully and deliberately sought to evade the requirements of the federal statute.

47. Defendant has failed to maintain a complete, accurate, and contemporaneous record of the number of hours worked per workweek by Plaintiff, and by all other similarly situated employees, as required by law.

48. Defendant has failed to keep or record time records reflecting what hour's employees, such as the Plaintiff, and those similarly situated, actually worked.

49. The Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

50. No lawful exemption excused Defendant from compensating Plaintiff and all members of the Plaintiff Class overtime pay for hours worked over forty per week.

51. Plaintiff and all members of the Plaintiff Class seek an amount of back-pay equal to the unpaid overtime compensation from the date they commenced employment for Defendant until the date of trial.

52. Plaintiff, and all others similarly situated, further seek liquidated damages, as well as reasonable attorney's fees and costs as provided by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

## VIII. COLLECTIVE ACTION ALLEGATIONS
### (Unpaid overtime compensation under the FLSA)

53. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

54. Other employees have been victimized by this pattern, practice, and policy of the Defendant that is in violation of the FLSA.

55 Thus, from personal knowledge, Plaintiff is aware that the illegal practices and policies of Defendant has been imposed on other workers.

56. Other, similarly situated employees are being denied their lawful wages.

57. Accordingly, Defendant's pattern and practice of failing to pay overtime pay (at time and one-half) to their employees as required by the FLSA results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of the members of the class.

58. Plaintiff's experience is typical of the experience of the Plaintiff Class as it pertains to compensation.

59. The specific job titles or job requirements of the various members of the Plaintiff Class do not prevent collective treatment.

60. All Tenet drivers who are denied overtime compensation for hours worked in excess of 40 per week, are similarly situated.

61. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

62. All current and former delivery drivers of Defendant who at any time during the three years prior to the date of filing of this action to the date of judgment who were denied overtime pay for hours worked in excess of forty (40) in any given workweek are properly included as members of the class.

## IX. SECOND CLAIM FOR RELIEF
**(Failure to compensate for minimum wage)**

63. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully written herein.

64. Plaintiff and all members of the Plaintiff Class are considered non-exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S. C. 201, *et seq.*, as well as by the administrative regulations used to interpret the Act.

65. Defendant violated the minimum wage provisions of the FLSA by paying Plaintiff and all members of the Plaintiff Class an amount which when divided by the total number of hours worked resulted in an hourly pay rate below the statutorily required minimum.

66. The Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

67. No lawful exemption excused Defendant from compensating Plaintiff, and all others similarly situated, for the statutorily required minimum wage.

68. Plaintiff and all members of the Plaintiff Class seek an amount of back-pay equal to the unpaid compensation for hours worked, but not recorded or paid, from the date they commenced employment for Defendant until the date of trial.

69. Plaintiff and all members of the Plaintiff Class further seek an additional equal amount as liquidated damages, as well as reasonable attorneys' fees and costs as provided by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

# X. COLLECTIVE ACTION ALLEGATIONS
**(Failure to compensate for minimum wage)**

70. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

71. Other employees have been victimized by this pattern, practice, and policy of the Defendant that is in violation of the FLSA.

72. Thus, from personal knowledge, Plaintiff is aware that the illegal practices and policies of Defendant have been imposed on other workers.

73. Other, similarly situated employees are being denied their lawful wages.

74. Accordingly, Defendant's pattern and practice of paying Plaintiff and all members of the Plaintiff Class an amount, which when divided by the total number of hours worked, resulted in an hourly pay rate below the statutorily required minimum does not depend on the personal circumstances of the members of the class.

75. Plaintiff's experience is typical of the experience of the Plaintiff Class as it pertains to compensation.

76. The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

77. All employees, regardless of their job requirements or rates of pay, who are denied minimum wage are similarly situated.

78. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

79. All current and former employees of Defendant who, at any time during the three years prior to the date of filing of this action to the date of judgment, were denied minimum wage compensation in any given workweek are properly included as members of the Plaintiff Class.

## XI. THIRD CLAIM FOR RELIEF
### (Failure to compensate for work performed "off the clock")

80. Plaintiff and all members of the Plaintiff Class are considered non-exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S. C. 201, et seq., as well as by the administrative regulations used to interpret the Act.

81. Defendant failed to compensate Plaintiff and all members of the Plaintiff Class their entitled pay for all hours they worked in a workweek.

82. Defendant failed to make good faith efforts to comply with the FLSA, and has willfully and deliberately sought to evade the requirements of the federal statute.

83. Defendant failed to maintain a complete, accurate, and contemporaneous record of the number of hours worked per workweek by Plaintiff and by and all members of the Plaintiff Class, as required by law.

84. Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

85. No lawful exemption excused Defendant from compensating and all members of the Plaintiff Class for hours worked but not recorded or paid in a workweek

86. Plaintiff and all members of the Plaintiff Class seek an amount of back-pay equal to the unpaid compensation for hours worked, but not recorded or paid, from the date they commenced employment for the Defendant until the date of trial.

87. Plaintiff and all members of the Plaintiff Class further seek an additional equal amount as liquidated damages, as well as reasonable attorneys' fees and costs as provided by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

## XII.  COLLECTIVE ACTION ALLEGATIONS
**(Failure to compensate for work performed "off the clock")**

88. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

89. Other employees have been victimized by this pattern, practice, and policy of the Defendant that is in violation of the FLSA.

90. Thus, from personal knowledge, Plaintiff is aware that the illegal practices and policies of the Defendant have been imposed on other workers.

91. Other similarly situated employees are being denied their lawful wages.

92. Accordingly, Defendant's pattern and practice of failing to compensate employees for work performed, but not recorded or paid as required by the FLSA, results from the Defendant's general application of policies and practices, and does not depend on the personal circumstances of the member of the Plaintiff Class.

93. Plaintiff's experience is typical of the experience of the Plaintiff Class as it pertains to compensation.

94. The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

95. All employees, regardless of their job requirements or rates of pay, who are denied compensation for hours worked, but not recorded or paid, are similarly situated.

96. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

97. All current and former employees of Defendant, who at any time during the three years prior to the date of filing of this action to the date of judgment who were denied compensation for hours worked, but not recorded or paid in any given workweek, are properly included as

members of the class.

## XIII. ATTORNEY'S FEES

98. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

99. Plaintiff and all other members of the Plaintiff Class are entitled to recover attorneys' fees and costs for bringing this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## XIV. JURY DEMAND

100. Plaintiff, on behalf of himself and all other members of the Plaintiff Class, makes a formal demand for a jury trial in this matter.

## XV. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Willie Mukes, and all other members of the Plaintiff Class, respectfully request that upon hearing, the Court grant Plaintiff, and all other members of the Plaintiff Class, relief as follows:

   a. Declare that Defendant has violated the Fair Labor Standards Act, specifically, 29 U.S.C. § 207, by failing to pay Plaintiff, and all others similarly situated, overtime pay at one and one-half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period;

   b. Enjoin Defendant from failing to pay Plaintiff, and all others similarly situated, at one and one-half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period, and for failing to compensate for work performed, but not recorded or paid;

   c. Order Defendant to pay Plaintiff, and all others similarly situated, the difference between what they should has paid for overtime hours Plaintiff worked during the relevant period and what they were actually paid, as well as compensation for hours worked but not recorded or paid, together with an equal amount as to liquidated damages.

   d. Order Defendant to pay Plaintiff, and all others similarly situated, the statutorily required minimum wage.

e. Order Defendant to pay damages for any unlawful retaliation.

f. Order Defendant to pay Plaintiff, and all others similarly situated employees,' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

g. Order Defendant to pay post-judgment interest at the highest lawful rate for all amounts, including attorney's fees, awarded against Defendant.

h. Order further relief, whether legal, equitable, or injunctive, as may be necessitated to effectuate full relief to Plaintiff and to all other similarly situated employees of the Defendant.'

Respectfully submitted,

**JONES, GILLASPIA & LOYD LLP**
4400 Post Oak Pkwy
Suite 2360
Houston, Texas 77027
713.225.9000 Tel
713.225.6126 Fax

By: /s/ *John Bruster Loyd*
   John Bruster Loyd
   SDTX ID. No. 23240
   TX Bar No. 24009032
   bruse@jgl-law.com

**ATTORNEYS FOR PLAINTIFF**
**WILLIE J. MUKES**

**OF COUNSEL:**

**THE LAW OFFICES OF JOE M. WILLIAMS**
**& ASSOCIATES, P.L.L.C.**
8866 Gulf Freeway, Suite 384
Houston, Texas 77017
(713) 980-8900 – Telephone
(713) 400-1104 – Facsimile
Joe M. Williams
Federal ID. No. 997092
Texas Bar No. 24063066
jwilliams10050@gmail.com