IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **WILLIE J. MUKES on behalf of Himself individually, AND ALL OTHERS SIMILARLY SITUATED,**<br>　　　　Plaintiffs,<br><br>v.<br><br>**TENET CONCEPTS, LLC,**<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§　　CIVIL ACTION NO. 4:17-CV-00692<br>§<br>§<br>§<br>§ |

### DEFENDANT'S PRE-ANSWER MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant, correctly named as Tenet Concepts, LLC [hereafter "Tenet"] respectfully files the following motion to dismiss.

**I.  Background**

This is a purported collective Fair Labor Standards Act ["FLSA"] suit brought by driver, who drove a Tenet delivery truck and allegedly "reports to and works out of a Houston warehouse located in Harris County, Texas." [Complaint, p.5, ¶¶31, 32]. The first paragraph of the Complaint summarizes the case as being one over FLSA minimum wage and overtime violations based upon

"... hours worked, but not recorded or paid ("off the clock" work) ... "

[Complaint, p.1, ¶1].  According to the Complaint, the "off the clock" work allegedly occurred at the Houston warehouse pre-shift, i.e., before the drivers' clock in time.  That is,  the Complaint

alleges the drivers were "required to arrive at the warehouse ten (10) to (15) minutes before their schedule clock-in time . . . and are not compensated for this time." [Complaint, p. 6, ¶39].

Under the Supreme Court's December 2014 decision in ***Integrity Staffing Solutions v. Busk***, ___ U.S. ___, 135 S. Ct. 513, 190 L.Ed. 410 (2014), Plaintiff's FLSA allegations are insufficient to state a claim, so this action should be dismissed. The case before this Honorable Court, like ***Integrity Staffing,*** is a purported FLSA collective action, and the case before the Court, like ***Integrity Staffing,*** can be resolved in favor of the employer through a motion to dismiss.

Additionally, in an FLSA case Plaintiff must show that an employer knew or should have known that an employee was working uncompensated time. ***Nieddu v. Lifetime Fitness***, 38 F. Supp.3d 849 (S.D. Tex. 2014). This is especially important where, as in this case, an employee claims he performed work in a warehouse prior to "clock in"[1] time. A sufficient pleading would allege facts identifying one or more Tenet representatives who were actually or constructively aware that he was performing more than de minimis compensable work prior to his written, recorded start work times. Plaintiff's Complaint contains no allegation whatsoever about Tenet having such actual or constructive knowledge, and identifies by name no Tenet agent with such knowledge.

## II. General Standard for Assessing a Rule 12(b)(6) Motion

To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. ***Aschroft v. Iqbal***, 129 S. Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009); ***Kaminski v. BWW Sugar Land Partners***,

---

[1] There is no allegation by Plaintiff in this case that a clock was actually punched to reflect the 'start work' time, as distinguished from a handwritten 'start work' time.

2010 WL 4817057, No. H-10-551 (S.D. Tex. 2010)(FLSA collective action, motion to dismiss granted);  **Coleman v. John Moore Services, Inc.**, 2014 WL 51290, No. H-13-2090 (S.D. Tex. January 7, 2014)( FLSA initial complaint dismissed).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss.  **Iqbal, 556 U.S. at 678**; **Hernandez v. Praxair Distribution, Inc.**, 2015 WL 5608233, No. 4:14-CV-01535 (S.D. Tex. Sept. 23, 2015)(FLSA action, motion to dismiss granted).   If the facts alleged fail to "nudge [the] claims across the line from conceivable to plausible, [then the] complaint must be dismissed." **Bell Atlantic Corp. v. Twombly,** 550 U.S. 554, 570 (2007); **Wilson v. K & K Best Care Ambulance Services, Inc.**, 2014 WL 1761227, No. 4:13-CV-2509 (S.D. Texas 2014)(FLSA collective action, motion to dismiss granted).

### III. Pleading Requirements for a Pre-Shift, Off the Clock FLSA Claim Under *Integrity Staffing*

On December 9, 2014, the United States Supreme Court established the legal standard for considering a motion to dismiss an FLSA case over pre or post shift "off the clock" **Integrity Staffing Solutions v. Busk**, ___ U.S. ___, 135 S. Ct. 513, 190 L.Ed. 410 (2014).  In **Integrity Staffing**, an employer's employees handled products of Amazon at a warehouse, and after each shift the employees were required to wait, uncompensated, for anti-theft screenings at the warehouse.  The employer Integrity Staffing filed a motion to dismiss, and the district court granted the motion.  The Ninth Circuit reversed, but the Supreme Court then reversed the Ninth Circuit's ruling over the uncompensated, off the shift work.  The Supreme Court held the employer-required but uncompensated time spent, outside of the shift and off the clock, was **not** compensable as a matter of law under the FLSA.  The Supreme Court construed the Portal-to-Portal Act, which states, in relevant part, that

> "no employer shall be subject to any liability . . . under the Fair Labor Standards Act . . . on account of the failure of such employer to pay an employee minimum wages, or to pay an employee overtime compensation, for or on account of any of the following activities . . . (1) walking, riding, or travelling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and (2) activities which are preliminary to or postliminary to said principal activity or activities."

29 USC §254(a).  The Supreme Court held that activities before or after a shift are not compensable under the FLSA merely because the employer requires them:  "If the test could be satisfied merely by the fact that an employer required an activity, it would sweep into 'principal activities' the very activities that the Portal-to-Portal act was designed to address."  ***Integrity Staffing***, Id. at 519.  The Court stated:

> "We hold that an activity is integral and indispensable to the principal activities that an employee is employed to perform – and thus compensable under the FLSA – **if it is an intrinsic element of those activities and one with which the employee cannot dispense if he is to perform his principal activities.**"

***Integrity Staffing***, Id. at 519.  The Supreme Court held that time outside the shift spent waiting for anti-theft screenings at the Amazon warehouse was "not an intrinsic element of retrieving products from warehouse shelves or packaging them for shipment," noting that the employer "could have eliminated the screenings altogether without impairing the employees' ability to complete their work." ***Integrity Staffing***, Id. at 518.

In ***Jones v. Hoffberger Moving Services***, 92 F. Supp. 3d 405 (D. Maryland 2015), the Court in reliance on ***Integrity Staffing*** held that initial pre-shift waiting time at a warehouse each morning, required by the employer, was not compensable under the FLSA as a matter of law.  The Court granted the employer's motion for summary judgment.  In the ***Hoffberger Moving Services*** case, employees arrived at the warehouse at a time specified by a dispatcher;

at the warehouse, the employees were picked up by the employer's van, which took them to a different site, at which they performed their primary duties, i.e., moving furniture, boxes, and other items. The Court stated:

> "***Plaintiffs are not entitled to compensation for time spent waiting at the warehouse before traveling*** to jobsites. Crucially, Defendants "could have eliminated the [wait time] altogether without impairing the employees' ability to complete their work," and thus Plaintiffs' wait time is not *indispensable. Integrity Staffing,* 135 S.Ct. at 518. Without waiting at the warehouse each morning, Plaintiffs would have still been able to load and unload Defendants' trucks for Defendants' clients—the job Plaintiffs were employed to perform—by arriving directly at the jobsites.
>
> Granted, evidence suggests that Defendants relied on and benefitted from Plaintiffs' presence at the warehouse; Defendants used Plaintiffs' availability to reassign jobsite assignments or to direct employees to perform warehouse work. . . . Further, evidence suggests that employees were virtually required to use Defendants' van service, and so Plaintiffs had no choice but to wait at the warehouse each morning. . .
> These facts do not aid Plaintiffs' claims, though. The Supreme Court expressly directed that courts should neither consider simply "whether the activity is for the benefit of the employer," nor should courts focus "on whether an employer *required* a particular activity." *Integrity Staffing,* 135 S.Ct. at 519. Instead, "[t]he integral and indispensable test is tied to the productive work that the employee is *employed to perform.*" *Id.* Taking the facts in the light most favorable to Plaintiffs, no reasonable jury could find that Plaintiffs' time spent waiting at the warehouse each morning is integral and indispensable to loading and unloading moving trucks for Defendants' clients, and thus this wait time is not compensable under the FLSA."

In ***Bustillos v. Board of County Commissioners***, 2015 WL 787813, no. CIV13-0971 (D. New Mexico 2015), the court in reliance on ***Integrity Staffing*** held that pre-shift time spent by a 911 dispatcher, in a required briefing with an outgoing dispatcher, was non-compensable time under the FLSA as a matter of law. In granting the employer's motion for summary judgment, the Court stated:

> "That Hidalgo County requires any of this pre-shift work does not by itself make it compensable. *See Integrity Staffing Solutions, Inc. v. Busk,* 135 S.Ct. at 519 ("If the test could be satisfied merely by the fact that an employer required an activity, it would sweep into 'principal activities' the very activities that the

> Portal–to–Portal Act was designed to address."). Moreover, that the pre-shift briefings benefit the employer is not dispositive. . . Most important, Jimenez' tasks were not integral and indispensable in the way the Supreme Court interprets that term. . . An "activity is 'indispensable' to another, principal activity only when an employee could not dispense with it without impairing his ability to perform the principal activity safely and effectively. . . . After the Supreme Court's decision in *Integrity Staffing Solutions, Inc. v. Busk,* however, Jimenez must show more than that the briefings are helpful or required. They must instead be integral and indispensable, meaning that she could not perform her job without them."

See also **Bonds v. GMS Mine Repair & Maintenance**, 2015 WL 5602607 *11, No. 2:13-cv-1217 (W.D. Penn. Sept. 23, 2015) (citing *Integrity Staffing*, the court held as a matter of law that time miners spent before their shift in safety meetings was not compensable under the FLSA; ". . . Plaintiffs have not offered any evidence that the fifteen-minute pre-shift safety meetings are necessary for them to enter the Mine and perform their principal job duties." ); **Whaley v. Henry Ford Health System,** 172 F. Supp. 3d 994 (E.D. Mich. 2016) (citing *Integrity Staffing,* the Court granted a 12(b)(6) motion to dismiss an FLSA claim regarding pre-shift "off the clock" activities, i.e., washing and ironing scrubs which were required attire for work at a hospital).

### IV. Under the Integrity Staffing Standard, this Case Should be Dismissed

In the case at bar, the Complaint announces, in its initial paragraph and elsewhere, that this case is over "hours worked, but not recorded or paid ('off-the clock work)'."  Outside of the recitations of legal conclusions, the Complaint's sole factual allegation about uncompensated off the work time is that Tenet drivers are "required to arrive at the warehouse ten (10) to (15) minutes before their schedule clock-in time . . . and are not compensated for this time."[2] However, this is insufficient to plead an FLSA claim; under *Integrity Staffing*, a driver's simply

---

[2] [Complaint, p. 6, ¶39]

being present at the warehouse prior to a shift, off the clock and at the employer's insistence, is not FLSA compensable time. The Complaint fails to allege any specific activity performed by any Tenet driver at the warehouse pre-shift, and certainly none that was integral and indispensable to the driver's truck delivery duties.  This case should be dismissed.

### V. Regardless of Whether Plaintiff Alleges Sufficient Facts to Show Otherwise Compensable Work under Integrity Staffing, This Case Should be Dismissed Due to Insufficient Pleadings about Management's Actual or Constructive Knowledge of "off the Clock" Work

Management's actual or constructive knowledge that "off the clock" hours are being worked is essential to an FLSA case. ***Nieddu v. Lifetime Fitness, Inc.***, 38 F. Supp.3d 849, 869-870 (S.D. Tex. 2014).  An "off the clock" case is based upon the assumption that the employee's own time records do not accurately reflect his true hours worked;  accordingly, there must be a showing that management was actually or constructively aware of that inaccuracy. In the case at bar, Plaintiff fails to allege facts naming one or more Tenet representatives who were actually or constructively aware that he was performing more than de minimis compensable work prior to the start times reflected in his time records.   Regardless of whether Plaintiff satisfies the ***Integrity Staffing*** standard for compensable "off the clock" work, his case should be dismissed because he fails to sufficiently allege management's actual or constructive knowledge of such compensable work.

Respectfully submitted,

By: /s/ Rory Divin
    Rory Divin
    (Lead Attorney and Attorney in Charge)
    State Bar No. 05902800
    rd@mcdonaldlaw.com
    Russell A. Devenport
    rad@mcdonaldlaw.com
    State Bar No. 24007109

McDONALD SANDERS, P.C.
777 Main Street, Suite 1300
Fort Worth, TX 76102
Telephone: (817) 336-8651
Facsimile: (817) 334-0271

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 30th day of March, 2017, I electronically filed *Defendant's Motion to Dismiss* with the Clerk of the Court using the CM/ECF system and served a copy of same on Plaintiff, via certified mail return receipt requested.

/s/ Rory Divin
Rory Divin