United States District Court
Southern District of Texas
**ENTERED**
October 13, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Willie Mukes on behalf of | § | |
| himself individually and all others | § | |
| similarly situated, | § | |
|    *Plaintiffs*, | § | |
| | § | CIVIL ACTION NO. 4:17-CV-00692 |
| v. | § | |
| | § | |
| Tenet Concepts, LLC, | § | |
|    *Defendant.* | § | |

## MEMORANDUM AND ORDER

Before the Court is defendant's motion to dismiss. Dkt. 7. After considering the motion, responses, and law, the motion to dismiss is denied.

### Background

This is a FLSA collective action that consists of current and former employees of defendant ("Plaintiff Class"). Dkt. 1. Plaintiffs' claim asserts defendant violated the FLSA by (1) paying Plaintiff Class below minimum wage; (2) failing to compensate Plaintiff Class for overtime wages; and (3) failing to compensate Plaintiff Class for hours worked, but not recorded ("off-the-clock-work"). *Id*. In response, defendant filed a 12(b)(6) motion to dismiss claiming (1) plaintiffs' allegations in regards to uncompensated off-the-clock-work are insufficient to state a claim, and (2) plaintiffs failed to show that defendant had actual or constructive notice that Plaintiff Class was working uncompensated time. Dkt. 7 at 2.

### Standard of Review

In reviewing a pleading under Rule 12(b)(6), the Court must accept as true "all

well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff." *Gonzalez v. Kay*, 577 f.3d 600, 603 (5th Cir. 2009). However, only facts are entitled to an assumption of truth; legal conclusions unsupported by factual allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts that state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## Analysis

Defendant's motion to dismiss fails to address plaintiffs' contentions that (1) they were paid below minimum wage and (2) defendant manipulated the hours and dates recorded by plaintiffs in efforts to avoid paying earned overtime pay. Instead, defendant only argues this case should be dismissed because plaintiffs' off-the-clock-work was not integral and indispensable to the principal activities of defendant, and therefore not compensable under the FLSA. *Id*. at 4. This is an argument that requires more facts than what is required at the pleading stage. Plaintiffs did not have to plead their entire case in their complaint, but merely enough facts that make it plausible defendant failed to compensate plaintiffs for off-the-clock-work. Plaintiffs met this burden. Defendant's argument is more appropriate in a summary judgment motion; once discovery has closed and the court has sufficient facts to base its decision.

**<u>Conclusion</u>**

For these reasons, defendant's motion to dismiss is denied.

Signed at Houston, Texas, on October 13, 2017.

_____
Stephen Wm Smith
United States Magistrate Judge